IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| ROBERT CRENSHAW, | ) | |
|---|---|---|
| Plaintiff, | ) | Civil Action No. 16-286 |
| | ) | Judge Nora Barry Fischer |
| v. | ) | Chief Magistrate Judge Maureen P. Kelly |
| | ) | |
| WARDEN HARPER and MICHAEL BARFIELD, | ) | |
| | ) | Re: ECF No. 32 |
| Defendants. | ) | |

# REPORT AND RECOMMENDATION

## I. RECOMMENDATION

Presently before the Court is a Motion to Dismiss filed by Defendants Warden Harper (identified by Plaintiff as "ACJ CEO") and Michael Barfield (identified by Plaintiff as "Mental Health Director"). ECF No. 32. For the following reasons, it is respectfully recommended that the Motion to Dismiss be granted.

## II. REPORT

### A. FACTUAL AND PROCEDURAL BACKGROUND

Proceeding *pro* se, Plaintiff filed a third Complaint on September 27, 2016.[1] ECF No. 29. Therein, he makes the following allegations. On October 20, 2015, Plaintiff was transferred from a federal prison to the Allegheny County Jail ("ACJ"). Id. ¶ 8. He arrived with diagnoses of depression and bipolar disorder and medications of Wellbutrin and Trazodone. Id. Upon his arrival at ACJ, Plaintiff informed the medical intake staff of his condition and his medications. Id. ¶ 9. The staff told Plaintiff that he would receive his medications when he was on a pod. Id.

---

[1] Earlier Complaints named additional/different Defendants. ECF Nos. 7, 12.

Plaintiff did not receive Wellbutrin at ACJ, but was placed on Zoloft and Abilify.  Id. ¶ 13.  Plaintiff did receive ultimately receive Trazodone at ACJ, but at half of the strength he was taking before his transfer.  Id. ¶ 14.  At ACJ, Plaintiff experienced worsening depression symptoms, anger issues and severe sleep deprivation.  Id. ¶ 12.  Plaintiff's cognitive condition resulted in a physical altercation with another inmate and an injury.  Id. ¶ 16.  Plaintiff was transferred out of ACJ on July 18, 2016.  Id. ¶ 17.

Defendants filed the instant Motion to Dismiss and Brief in support on September 30, 2016.  ECF Nos. 32-33.  Plaintiff filed his Response to the Motion to Dismiss on December 2, 2016.  The Motion to Dismiss is now ripe for consideration.

### B. STANDARD OF REVIEW

As the United States Supreme Court explained in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), a complaint may properly be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face."  Id. at 570.  In assessing the merits of a claim subject to a motion to dismiss, a court must accept all alleged facts as true and draw all inferences gleaned therefrom in the light most favorable to the non-moving party.  Phillips v. County of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008) (citing Worldcom, Inc. v. Graphnet, Inc., 343 F.3d 651, 653 (3d Cir. 2003)).  A pleading party need not establish the elements of a *prima facie* case at this stage; the party must only "put forth allegations that 'raise a reasonable expectation that discovery will reveal evidence of the necessary element[s].'"  Fowler v. UPMC Shadyside, 578 F.3d 203, 213 (3d Cir. 2009) (quoting Graff v. Subbiah Cardiology Associates, Ltd., 2008 WL 2312671 (W.D. Pa. June 4, 2008)).  The scope of review may extend to "matters of public record, orders, exhibits attached to the

complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994).

*Pro se* pleadings are held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972); United States ex rel. Montgomery v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969) (petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance.").

### C. DISCUSSION

#### 1. Legal Principles

##### a. Civil Rights

In order to succeed on a Section 1983 claim, a claimant must show: (1) the conduct complained of was performed by a person acting under color of state law; and (2) this conduct deprived the claimant of rights, privileges, or immunities secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; Kost v. Kozakiewicz, 1 F.3d 176, 184 (3d Cir. 1993).

It is well established that "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs to be liable, and cannot be held responsible for a constitutional violation which he or she neither participated in nor approved." Baraka v. McGreevey, 481 F.3d 187, 210 (3d Cir. 2007). Personal involvement in the alleged wrongdoing may be shown "through allegations of personal direction or of actual knowledge and acquiescence." Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) (quoting Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988)).

Finally, when dismissing a civil rights case for failure to state a claim, a court must give the plaintiff an opportunity to amend the complaint unless it would be inequitable or futile to do so. See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir.

2007).

### b. Deliberate Indifference

A refusal to provide medical care to a prisoner violates the Eighth Amendment's prohibition of "cruel and unusual punishment." U.S. CONST. amend. VIII. "Regardless of how evidenced," whether "manifested by prison doctors in their response to the prisoner's need or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed," "deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). "The Estelle standard requires deliberate indifference on the part of the prison officials and it requires the prisoner's medical needs to be serious." Spruill v. Gillis, 372 F.3d 218, 235-236 (3d Cir. 2004). The Estelle standard is met when: (1) a doctor is "intentionally inflicting pain on [a] prisoner," (2) "prison authorities deny reasonable requests for medical treatment ... and such denial exposes the inmate to undue suffering or the threat of tangible residual injury," or (3) "knowledge of the need for medical care [is accompanied by the] ... intentional refusal to provide that care." Id. at 235. Further, if a prisoner is receiving medical treatment, a non-medical prison official must have "a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating)" the prisoner in order to be liable for deliberate indifference. Id. at 236.

### 2. Warden Harper

Defendants raise multiple arguments as to why the Complaint should be dismissed against Defendant Harper. ECF No. ECF No. 33 at 3-7. One, lack of personal involvement, is dispositive.

Plaintiff makes no factual allegations concerning Defendant Harper's knowledge of or direction concerning Plaintiff's condition. Indeed, Plaintiff states that Harper is implicated via the doctrine of respondeat superior. ECF No. 29 ¶ 21. As set forth above, Plaintiff must show Defendant Harper's personal involvement in the alleged wrongdoing through specific allegations of personal direction or of actual knowledge and acquiescence in order to establish against him a plausible claim of a civil rights violation such as deliberate indifference. Because Plaintiff fails to allege the personal involvement of Defendant Harper, it is recommended that the Motion to Dismiss be granted as to Defendant Harper.

### 3. Michael Barfield

Defendants raise multiple arguments as to why the Complaint should be dismissed against Defendant Barfield. ECF No. 33 at 3-7. One, Plaintiff's inability to establish a claim for deliberate indifference, is dispositive.

Plaintiff alleges that Barfield was directly involved with the decision not to authorize Plaintiff Wellbutrin. ECF No. 29 ¶ 145. However, Plaintiff also alleges that he was prescribed two other medications, Zoloft and Abilify, in lieu of the previously prescribed Wellbutrin. Id. ¶ 13. Thus, Plaintiff was being treated for his conditions, albeit in a manner differently than that Plaintiff desired. Plaintiff's disagreement with the course of treatment prescribed/endorsed by Barfield does not constitute a plausible claim for deliberate indifference. See Monmouth Cty. Corr. Institutional Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987) (holding that "a mere disagreement as to the proper medical treatment" cannot support a claim of deliberate indifference). Accordingly, it is recommended that the Motion to Dismiss be granted as to Defendant Barfield.

### 4. Futility of Amendment

As noted above, the instant Motion to Dismiss relates to the pleading deficiencies in the third Complaint Plaintiff has filed in this case. Because Plaintiff's allegations demonstrate that he cannot sustain a deliberate indifference claim, leave to amend would be futile. Accordingly, it is recommended that the Motion to Dismiss be granted with prejudice.

### D. CONCLUSION

For the foregoing reasons, it is respectfully recommended that Defendants' Motion to Dismiss, ECF No. 32, be granted with prejudice.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to timely file objections will waive the right to appeal. <u>Brightwell v. Lehman</u>, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

Dated: December 19, 2016

                                        Respectfully submitted,

                                        <u>/s/ Maureen P. Kelly</u>
                                        MAUREEN P. KELLY
                                        CHIEF UNITED STATES MAGISTRATE JUDGE

cc:     The Honorable Nora Barry Fischer
        United States District Judge

        Robert Crenshaw
        35524-068
        FCC Allenwood
        P.O. Box 1000
        White Deer, PA 17887

        All counsel of record via CM-ECF